IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GBEKE MICHAEL AWALA, #A74 190 250       *

        v.       *       CIVIL ACTION NO. WDQ-09-3442

IMMIGRATION JUDGE, ATTORNEY       *
  GENERAL
                                     ***

MEMORANDUM

On December 23, 2009, Gbeke Michael Awala ("Awala") filed this 28 U.S.C. § 2241 Petition for writ of habeas corpus and stay of deportation. He also seeks a Government payment of $5,000,000.000.00.[1] Awala appears to challenge his order of removal, contending that the writ of habeas corpus should be available to him so that the courts can examine constitutional questions of "U.S. citizenship by birth in the United States of America." Paper No. 1. He cites to multiple federal cases and statutes without explaining their relevance. Awala seemingly claims that he was born in Miami, Florida, and this information was concealed by his adopted parent and contradicts the Nigerian birth certificate on file with the Respondent.

Awala raises several unclear issues about: (1) alleged discrimination by the immigration judge and Delaware Attorney General; (2) policies about the "delayed" issuance of a Florida birth certificate; and (3) available forums for him to "vindicate his birthright and American citizenship claims." *Id*. He further claims that the Department of Homeland Security has hidden and destroyed his United States birth records, and the immigration judge "misinterpreted the birth certificate proceeding for a removal hearing." Awala argues that the "zipper clause" of 8 U.S.C. § 1252 should not be employed to abolish habeas corpus review and he should be permitted to obtain his "delayed" birth certificate. He also appears to attack a prior conviction for illegal entry after

---

      [1]      The Petition was not accompanied by the $5.00 habeas filing fee. Given the summary dismissal of this case Awala shall not be required to remit the fee.

deportation.[2]   Paper No. 1.

Title 28 of the United States Code § 2241(a), gives the district courts general jurisdiction and the resulting power to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). A petition for writ of habeas corpus "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95 (1973). An application for a writ of habeas corpus "shall allege....the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242.

Jurisdiction over an action under § 2241 lies in the federal district court where the petitioner is incarcerated or in the federal district court where the petitioner's custodian is located. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. at 494-95; *Guerra v. Meese*, 786 F.2d 414, 416 (D.C. Cir. 1986); *Boone v. United States Parole Commission*, 648 F. Supp. 479, 480 (D. Md. 1986). The Petitioner currently is confined at the York County Prison, in York, Pennsylvania. Accordingly, this Court has no jurisdiction to adjudicate his 28 U.S.C. § 2241 Petition, and the Petition will be dismissed without prejudice.[3]

Date: January 7, 2010                               /s/
                                            William D. Quarles, Jr.
                                            United States District Judge

---

[2] The U.S. Court PACER docket shows that in 2006 Awala was convicted in the United States District Court for the District of Delaware of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) & (b)(2). *See United States v. Awala*, Criminal No. JJF-04-0090 (D. Del.). He was sentenced to a 51-month term of imprisonment in the U.S. Bureau of Prisons and 36 months of supervised release.

[3] Awala is advised that personal jurisdiction over his § 2241 Petition may lie in the United States District Court for the Middle District of Pennsylvania. According to the PACER docket, he filed two separate habeas corpus petitions in that district on November 19 and December 17, 2009. *See Awala v. Immigration Judge, et al.*, Civil Action No. JFM-09-2462 (M.D. Pa. 2009) and *Awala v. Attorney General of the United States, et al.*, Civil Action No. JFM-09-2501 (M.D. Pa. 2009). The petitions remain pending there.